'Chief Justice Robertson
delivered the opinion of the Court.
The only difference between thi.» case and that of Ferguson ys. Cosby, is, that in this, the no!e was executed before the date of the deed of ( rust, and the deed is made an exhibit; and in that of Cosby vs.-Ferguson, the note was dated after (he deed, and the deed was not made an exhibit. -No depositions '\v@re taken in either case.
There is an essential difference, between the effi-ct of a “voluntary” deed, on the rights of precedent, and subsequent creditors of the grantor. Roberts on Fraud. Con.-T. S. 60, to 71, inclusive, Zb. 395-6.
Deeds purely “voluntary” may be avoided by creditors, holding pre-existing debts, but they are good against the claims of those, whose debts accrue, subsequently to the date of the deed, unless there be some extraneous evidence of fraud in them. See the same authorities, and.Sexton vs. Wheaton, VIII. Wheaton, 242, and Hindes’s Lessee, vs. Longworth, XI. Ib. 199.
Whether the deed in this case, be voluntary, in the strict and proper sense of the term, is not necessary now to decide; although, if it be “prima facie” voluntary, there is no proof “aliunde” to shew whether a sufficient consideration existed.
Before >21, ^"ts Soou-6 >f"~ of w.eFe liable, either at law or in, So far as creí* ation of pro-" perty .not lia-kle, in law or Ixecutionl not interdicted by statute of.. frau 8‘
„ away chases in ac-not void-if executed previous to
The bill does not charge, that the sale of the real estate to Lytle, was fraudulent, nor is there any proof that it was.
It cannot therefore, be material to determine, whether the deed of trust was fraudulent, or not; because it transferred nothing, to which, the creditors of Cosby, could have had.any right, legal or equitable, for the satisfaction of precedent debts. The deed was executed prior to the act of 1821, which subjected choses in action, to the payment of debts, in equity.
At the date of the deed, neither money, nor debts, nor the documents of debts, were liable, either .at law or in chancery, to the payment of.Cosby’s debts'; there was no mode provided, for subjecting them, and were therefore, inaccessible to his creditors.
The only object of the statute of frauds, was .to prevent the fraudulent alienation, by debtors and others, of their property, to defeat the claims creditors, or to deceive su bsequent purchasers. Therefore, so far as creditors may be concerned, the-, alienation of property, not liable in law or equity, toexecu-iion, is not interdicted by the letter or po'liry of the statute. Such an arrangement, cannot affect the rights of creditors; and, therefore, they cannot °b-ject to it. This doctrine, has been expressly settled by tin's court, in the case of Crozier et al. vs. Young et al. III. Monroe, 157; as to conveyances made,since 1821, the doctrine is of course, different.
As therefore, there is no allegation of fra.ud-,-in the conveyance of the real,estate, to Lytle, and the money, notes or debts, transferred by the deed of trust, were not liable, in 1817, (the date of the deed) to the demands of Cosby’s creditors, the motiives for the deed of trust, are immaterial; and consequently, the principal of the trust fund, cannot be subjected to the payment of the appellee’s debt.
The bill does not allege, that the <§1000, secured to Cosby, for the purpose of paying debts, remained - in the hands of the trustees, nor does it claim any. decree, for subjecting any portion of it. The answer of the trustee, consequently, says nothing about the §1000. If the bill had required an answer, or proof as to this sum,, the trustee, might have shewn, (as *292 may be presumed to be the fact,) that it bad been paid over to Cosby. Wherefore, the chancellor was not authorized to decree, that the trustee pay any portion of it to the appellee.
■ Denny, Wickliffe and Woolley, for appellants; Hag-' gin, for appellee.
It results therefore, that it has not been shewn, that any thing, in possession of the trustee, is subject to the debt of the appellee, except the interest of Cosby, in the principal fundj for maintenance.
As therefore, the decree in this case, is libe that in Ferguson vs. Cosby, it must be reversed for the reasons assigned, in that case.
The decree is accordingly reversed, and the cause remanded, for such further proceedings, as were dU rected, in the case of Ferguson vs Cosby.